## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
JUL 19 2005
J. T. NOBLIN, CLERK
BY _____ DEPUTY

JOHN C. FIELD, #K2672;
DAVID ADAMS, #101463;
OLAN WAYNE EDWARDS, #R3066;
JAMES R. COWART, JR., #L5075;
MITCHELL BRYANT, #80045;
SEAN HOLLOWAY, #24461;
JOHN GRIMES, #104675;
DAVID W. LEE, #L5926;
WILLIAM A. STEELE, #K3602;
MARCUS LESTER, #L0783;
KENNETH A. LEE, #T6854;
KING EDWARD MAY, #K1461;
CHRISTOPHER TIMMONS, #R8635;
ALEX BAHAM, #65786;
JEREMY HAWLEY, #L3888

5:05CV125DCB-JCS

PLAINTIFFS

VERSUS                                    CIVIL ACTION NO. 5:05cv119DCB-JCS

CORRECTIONS CORPORATION OF AMERICA, ET AL.          DEFENDANTS

### ORDER REQUIRING SEPARATE COMPLAINTS

BEFORE THE COURT is plaintiffs' complaint filed on July 12, 2005, under Title 42

U.S.C. § 1983.  The court is of the opinion that plaintiffs must file separate complaints for the

reasons set forth below.

These fifteen plaintiffs filed a joint complaint alleging violations of their civil rights

while incarcerated in the Wilkerson County Correctional Facility.  Each plaintiff completed a

separate application to proceed  in forma pauperis.

I.

It is well settled that "a section 1983 claim must be based upon the violation of

plaintiff's personal rights, and not the rights of someone else."  Archuleta v. McShan, 897 F.2d

495, 497 (10th Cir. 1990) (citations omitted); <u>Coon v. Ledbetter</u>, 780 F.2d 1158, 1160-61 (5th Cir. 1986)  ("[L]ike all persons who claim a deprivation of constitutional rights," each plaintiff is "required to prove some violation of [his] personal rights."  <u>Coon</u>, 780 F.2d at 1160-61 (citations omitted).  Meritorious claims may be obscured by the frivolous.  Moreover, multi-plaintiff prisoner complaints present a variety of administrative and logistical problems not associated with other civil actions.

## II.

After the enactment of the Prison Litigation Reform Act of 1996, the court implemented a number of procedures that facilitate the prison litigation process. If the court were to permit multi-plaintiff prisoner complaints, however, such a practice would render those court procedures inefficient. For example, prisoner plaintiffs proceeding in <u>forma pauperis</u> ("IFP") are required to pay the full amount of the filing fee[1] and costs.[2]  Prisoner plaintiffs who have, on three or more prior occasions, brought frivolous or malicious complaints or complaints which failed to state a claim, may not proceed IFP.[3]

## III.

With these concerns in mind, and with the objective of achieving judicial economy and maintaining efficient control of its docket, the court finds it appropriate to sever the recent matter into individual actions, one for each named plaintiff. The present case, civil action number 5:05cv119,DCB-JCS, will be dismissed without prejudice.

---

[1]  28 U.S.C. §1915(b)(1).

[2]  28 U.S.C. § 1915(f)(2)(A).

[3]  28 U.S.C. § 1915(g)

The Clerk of the Court will be directed to assign a new case number to each individual plaintiff.  The Clerk of the Court shall be directed to file the present complaint, application to proceed in forma pauperis and any other documents, including this order in each new case with a file date of today's date.  The newly-assigned case number shall be placed upon the copy of the present complaint and other documents and they shall serve as the original documents in the severed action.  In the event the court finds that common questions of law or fact exist in separate cases, the court may then order that those cases be consolidated, as provided in Fed. R. Civ. P. 42(a).

Upon assignment of individual case numbers and creation of individual cases, the court will make further orders in each case after conducting its review pursuant to 28 U.S.C. § 1915.

IT IS THEREFORE ORDERED:

(1) That civil action no.5:05cv119DCB-JCS shall be severed into fifteen individual actions, one for each named plaintiff;

(2) That the severed cases shall be captioned as follows:

John C. Field, #K2672 v. Corrections Corporation of America, et al.
David Adams, #101463 v. Corrections Corporation of America, et al.
Olan Wayne Edwards, #R3066 v. Corrections Corporation of America, et al.
James R. Cowart, Jr., #L5075 v. Corrections Corporation of America, et al.
Mitchell Bryant, #80045 v. Corrections Corporation of America, et al.
Sean Holloway, #24461 v. Corrections Corporation of America, et al.
John Grimes, #104675 v. Corrections Corporation of America, et al.
David W. Lee, #L5926 v. Corrections Corporation of America, et al.
William A. Steele, #K3602 v. Corrections Corporation of America, et al.
Marcus Lester, #L0783 v. Corrections Corporation of America, et al.
Kenneth A. Lee, #T6854 v. Corrections Corporation of America, et al.
King Edward May, #K1461 v. Corrections Corporation of America, et al.
Christopher Timmons, #R8635 v. Corrections Corporation of America, et al.
Alex Baham, #65786 v. Corrections Corporation of America, et al.
Jeremy Hawley,#I3888 v. Corrections Corporation of America, et al.

(3) That the Clerk of the Court is directed to assign individual civil action numbers to each of the severed cases;

(4) That the Clerk of the Court is directed to file the complaint and other documents from civil action number 5:05cv119DCB-JCS including this order, in each newly-created file with a file date of today's date;

(5) That the complaint and action in civil action number 5:05cv119DCB-JCS is dismissed without prejudice;

**SO ORDERED AND ADJUDGED** this the 19th day of July, 2005.


S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE

A TRUE COPY, I HEREBY CERTIFY.
J. T. NOBLIN, CLERK

BY:
DEPUTY CLERK

4